IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

REGINALD L. DUNAHUE                                                    PLAINTIFF
#106911

v.                    No. 4:24-cv-739-DPM-BBM

DEXTER PAYNE, ADC;  MARSHALL                                         DEFENDANTS
REED, Deputy Director, ADC;  WILLIAM
STRAUGHN, Deputy Director, ADC;
MOSES JACKSON, III,  Warden;
MICHAEL RICHARDSON, Warden;  and B.
DAVIS, Deputy Warden, Brickeys Unit

ORDER

On *de novo* review, the Court adopts Magistrate Judge Moore's partial recommendation, *Doc. 18*, as supplemented and overrules Dunahue's objections, *Doc. 19*. Fed. R. Civ. P. 72(b)(3).

The supplement. First, Dunahue's conditions claims are longstanding. The Court addressed many of them on the merits in Case No. 2:18-cv-103-DPM, which ended in mid-2023. Magistrate Judge Moore notes the dismissal with prejudice of those claims. *Doc. 18 at 4, n. 2.* Second, as best the Court can tell after reviewing Dunahue's two-hundred-forty-eight pages of objections, not much new was added to supplement his complaint. Dunahue's objections are mostly grievances and affidavits that were already filed in this case, or

other cases in which his claims were dismissed. And, as the case moves forward, like any plaintiff Dunahue may of course move to amend his complaint—but, he must provide a short and plain statement of specific facts that show a plausible claim for relief. Fed. R. Civ. P. 8 & 15; *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012).

The motions for declaratory relief, *Doc. 7 & Doc. 16*, are denied. Dunahue's retaliatory-confinement and conditions-of-confinement claims—about shaving, showering, exercising, eating utensils, and second-hand smoke—are dismissed without prejudice. His corrective-inaction claims against Payne and Reed, and his official capacity claims are dismissed without prejudice, too. The Court instructs the Clerk to terminate Dexter Payne, Marshall Reed, Michael Richardson, and B. Davis as defendants. Dunahue's corrective-inaction claims against Jackson and Straughn in their individual capacities—based on their alleged notice that he was subjected to second-hand smoke—go forward.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

5 June 2025